IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

MICHAEL DEWAYNE HASTINGS                                    PLAINTIFF
ADC # 110772

v.                          2:15-cv-48-DPM-JJV

BOBBY MAY, Sheriff, St. Francis County
Sheriff Department; GLEN RAMSEY, Captain,
St. Francis County Sheriff Department;
and J. R. KERSERY, Detective, CID Division,
St. Francis County Sheriff Department                       DEFENDANTS

ORDER

1. Hastings brings this action alleging that his constitutional rights were violated when, at the time of his arrest, the defendants May, Ramsey and Kersery, took a DNA sample from him. He claims that the sample violated both his First and Fourth Amendment rights. Hastings also alleges that the defendants violated his Eighth Amendment rights when they maced him for questioning their methods. The Court must screen Hastings's Complaint. 28 U.S.C. § 1915A(a).

2. Hastings says that he is a Jehovah's Witness and that the DNA sample violated his Free Exercise rights. Hastings does not explain how the DNA sample violates his religious beliefs. To proceed with this claim, Hastings must file an amended complaint by 20 July 2015 that states specifically how his religious beliefs were violated by the DNA sample. A failure to do so will

result in the dismissal of this claim without prejudice.

**3.** Hastings alleges that taking the sample violated his Fourth Amendment rights because it was not taken solely for the purpose of identification but purposefully taken to investigate past, unsolved crimes. This claim also fails as a matter of law. A suspect's criminal history is part of his identity. *Maryland v. King*, 133 S. Ct. 1958, 1971 (2013). In comparing DNA evidence to other forms of identification, the *King* decision specifically referenced the validity of comparing an arrestee's fingerprints against "electronic databases of known criminals and unsolved crimes." 133 S. Ct. at 1972.

**4.** Hastings also claims that the defendants didn't possess the medical expertise to administer the DNA sample and that the sample wasn't handled properly after collection. This claim fails. There is no constitutional or statutory requirement that an individual conducting a DNA swab possess any certain degree of medical expertise. Additionally, Hastings' allegation that the sample may have been spoiled by improper handling is speculative.

**5.** Hastings's allegation that someone will tamper with the sample in order to falsely charge him with crimes he did not commit fails to state a claim. It is based entirely on Hastings's subjective fears, and there's been no

allegation of actual tampering.

**6.** Hastings has, however, stated an excessive force claim under the Eighth Amendment based on defendants' allegedly unprovoked use of mace. That claim will be allowed to proceed. But his First and Fourth Amendment claims are dismissed without prejudice.

**7.** The Clerk of Court is directed to prepare and issue summons for defendants May, Ramsey, and Kersery without prepayment of fees and security. A copy of this order and Hastings' complaint should be included with the summons.

So Ordered.

*DPMarshall Jr.*
D. P. Marshall Jr.
United States District Judge

19 June 2015